Judge Underwood,
delivered the opinion of the Court.
This is an action of assumpsit institututed against the defendant in error, by the plaintiffs.
The declaration contains two counts. The first is the common indebitatus count for money had and received, and for money paid and advanced. The second is a special count, in substance setting forth the following facts as'the basis of the assumpsit, to wit : that the testator of the defendant, by a deeree of the general court, recovered against the executors and heirs of 'iTiomas Madison, deceased, the sum of $5,000, and costs of suit, amounting to $81 07 ; that the testator of the defendant devised the benefit oí this decree to William Logan, that the plaintiffs in error paid the amount of said decree to Logan, and that afterwards, upon the prosecution of a writ of error, the decree ofthe general court was reversed. In consideration whereof the defendant assumed, &c.
A demurrer was filed to the second count, and thereupon the court gave judgment against the count. Whether the court erred in this decision is the first •question we shall notice.
We are of opinion, that the count is defective in not averring that the payment to Logan was made with the assent of Wallace’s executors, or one of them. It does not appear from any averment that Madison’s executors or heirs were compelled, by process of execution, to pay the amount of the decree. If they, as volunteers, paid money to Logan which should legally pass through the hands of Wallace’s executors, his estate is not liable. It is dear, that the amount of the decree was a fund which should pass to the executors of Wallace as assets, and that the devisee would not be entitled to it without their assent. According to law, therefore, the decree should have been discharged by making pay» *99 ment to the executors of Wallace, unless they consented that the devisee might collect it ; and hence, if Madison’s executors or heirs volunteered in paying the devisee without the assent of one of Wallace’s executors, his estate is not liable. It' does not ap pear from the count, that Logan was one of the ex-exutors of Wallace. Hence, no inference in support of the count can he drawn from that fact, which, was made to appear in proof. We do not intend to be understood that the count would be good, if the averment had been made that the money was paid with the assent of the executors of Wallace. A part of the court incline to the opinion, that the count would not be good, unless it averred that the money had been collected by coercion of law, and, therefore, we shall express no opinion on this point, satisfied that the count is defective as it stands.
To the first count, the defendant pleaded non-assumpsit and non-assumpsit within five years. Upon tliese pleas issues .were formed and a trial had. The court, upon the evidence, instructed the jury to find as in case of a non-suit, and the jury found accordingly. To decide whether the court erred in giving this instruction will dispose of the case.
It appeared in evidence, by the. will of Caleb Wallace, that William Logan was appointed one of his executors, and that he qualified, that the devise was to Logan and wife, she being a daughter of Wallace ; that Logan, on the 5th of January, 1815, by a written receipt, acknowledged the payment of $3,840 in part of the decree, which payment was made in land, and that Logan, on the 19th October, 1818, by another written receipt, acknowledged, that, with the '•‘■payments heretofore made,” and John Smith’s note for the balance, that day executed, he had received full satisfaction, for the de.cree against Madison’s executors and heirs, which Wallace bequeathed to him and his wife. It appeared from the record read in evidence, that after the decree had been thus paid, it was reversed, upon the merits, by this court. The foregoing is the substance of all the evidence which can bear upon the propriety of the instruction given by the court. We are of opinion;, that the instruction was correct- *100 Taking the two receipts together, they shew that the whole amount of the decree was discharged hy paying land and a note on J ohn Smith, it is possible that there may have been a payment made between January, 1815, and October, 1818, and if so, that it was made in money ; but there is no ground for such a presumption. Even if such a thing could be presumed, it is impossible to- say whether one dollar or a thousand were paid in money, or whether the whole of any payment which may have been made between the dates of the receipts, was made in property. The question, therefore, is, whether proof of a payment made in land and a note of hand can, in this case, support the count for money had and received, paid and advanced. We are of opinion that it cannot. It should be borne in mind, that by the reversal of the decree, it was determined that Madison’s executors and heirs did not owe Wallace the $,5,000 which the general court decreed against them. That decree cannot, therefore, after its reversal, he relied on as evidencing a debt. It may, in connection with other facts, shew what the parties thought at the time the land was conveyed and Smith’s note executed. But the reversal proves that Madison’s executors and heirs were not in reality indebted to Wallace, notwithstanding the opinions of the parties to the contrary- We perceive no ground, therefore, upon which we can apply the principles settled in the case of Gray vs. Gray, decided during the spring term, 1829, and similar cases, in sustaining this action. Can land and cash notes conveyed and executed in discharge of a supposed debt, when none in reality exists, he regarded as money paid and advanced ? The mere giving of a bond for the debt of another is no payment, and an action for money paid, laid out and expended for the use of the defendant, will not lie, unless the plaintiff has actually advanced money. Cummins vs Hackley and Fisher, VIII Johnson, 202. An action for money had and received, cannot be maintained without proof that the defendant had actually received money to the plaintiff’s use before the action was brought. II Dallas, 242. See, also, Chitty on Contracts, 178 The authorities use the terms, actually received or advanced money. There are *101 cases wiiere money is considered as received or advanced, when it is not actually done. This case is not one of that description. We are, therefore, of opinion, that the land and cash note cannot be regarded as money had and received or paid and ad-van'ced.
Action for money Daid, laM out and expended for the use of tht defendant, will not Ho unles- the plaintiff has actually advanced money-
An action for immej had an t received, musí be supported oy pr«>of that the defendant has actually received money to the plaintiff's use.
Bat there are c 3üb where money i- consiueitfil as received oi advanced. '.hen it *-• not actually done.
Benny, Mills and Brcwn for plaintiffs ; Crittenden and Hag-gin for defendants.
Wherefore, the instruction was correct, and, consequently, the judgment must be affirmed, with costs.